# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DAVE VAN**                                                                                                    **PLAINTIFF**

**V.**                                                                                              **3:14-CV-469-HTW-LRA**

**PROGRESSIVE GULF INSURANCE COMPANY**                                         **DEFENDANT**

### ORDER

Before the Court is Plaintiff's Motion to Compel Complete Answers to Interrogatories and Responses to Request for Production of Documents [27], along with Defendant's response [28, 29]. Plaintiff propounded discovery to Defendant on October 30, 2014, and received "wholly unresponsive and improper answers" to the discovery on March 19, 2015. He corresponded with counsel opposite on May 6, 2015, regarding his objections to the responses and requesting supplementation. No supplementation was received, and Plaintiff filed the instant motion on June 15, 2015.

Defendant contends that the motion is not timely filed, as discovery ended on June 12, 2015, and the motion was not filed sufficiently in advance of the discovery deadline for a ruling to be obtained and additional discovery provided, if ordered. It cites Local Rule 7(b)(2)(B), requiring that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Defendant also cites numerous cases supporting the proposition that a Court must have sufficient time to rule on a motion to compel and for the parties to effectuate the ruling prior to the close of

discovery. *See, e.g., Wells v. Sears Roebuck and Co.,* 203 F.R.D. 240, 241 (S. D. Miss. 2001); *Gueniot-Kornegay v. Blitz U.S.A., Inc., et al,* Civil Action No. 3:10cv429-TSL-MTP, 2013 WL 160259, at *1 (S.D. Miss., Jan. 15, 2013); *Issaquena and Warren Counties Land Co., LLC v. Warren County, Miss. Bd. of Supervisors, et al,* Civil Action No. 5:07cv106-DCB-JMR, 2011 WL 6092450, at *5 (S.D. Miss., Dec. 7, 2011); *Chatman v. Chase Home Fin*., LLC, Civil Action No. 2:09cv200-KS-MTP, 2010 WL 4876918, at 1 (S.D. Miss., Nov. 24, 2010); *Seiferth v. Helicopteros Aturneros*, Civil Action No. 4:03cv463-P-B, 2008 WL 5234416, at *1 (N.D. Miss., Dec. 12, 2008).

    Rule 7(b)(2)(B) does apply in situations such as the one now before the Court. However, if a party shows good cause for the delay, and under certain factual circumstances, the Court may waive the applicability of the rule. The rule may sometimes be waived if the opposite party does not object on this basis. However, Plaintiff has not shown reasons for his delay in filing the motion to compel. Nor did he file a reply arguing that the Court should not apply the local rule in his case.

    More importantly, the motion does not comply with Local Rule 37(b). Although Plaintiff charges that the responses were inadequate, he does not quote the requests or responses and provides the Court with absolutely no reasons for his claims of insufficiency. The Court has no access to the discovery, or the responses, and would be unable to consider the motion on the pleadings, even if timely. Rule 37 requires that the motion quote verbatim each request and response at issue and give the basis for compulsion.

Because the motion does not comply with Local Rule 37(b), and the Court does not know the specific discovery requests, or responses, at issue, and because the motion is untimely under Local Rule 7(b)(2)(B), the motion is HEREBY DENIED.

SO ORDERED, this the 14th day of July 2015.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE